UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ORA JEAN ADAMS <br><br> Plaintiff <br><br> VERSUS <br><br><br> EAGLE, INC. (f/k/a EAGLE ASBESTOS & PACKING CO., INC.); HUNTINGTON INGALLS INCORPORATED (f/k/a NORTHRUP GRUMMAN SHIPBUILDING, INC., f/k/a NORTHRUP GRUMMAN SHIP SYSTEMS, INC., f/k/a AVONDALE INDUSTRIES, INC., f/k/a AVONDALE SHIPYARDS, INC., f/k/a AVONDALE MARINE WAYS, INC.); THE STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE ON BEHALF OF MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS (A/K/A CHARITY HOSPITAL); UNION CARBIDE CORPORATION; TAYLOR-SEIDENBACH, INC.; THE MCCARTY CORPORATION <br><br> Defendants | CIVIL ACTION NO. _____ <br><br> SECTION: _____ <br><br> JUDGE: _____ <br><br> MAG. JUDGE: _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) (hereinafter, "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2020-4908 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28

U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because the Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1). The grounds for removal are as follows:

1.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

2.

On June 17, 2020, Plaintiff, Ora Jean Adams, filed suit naming Avondale as a defendant.[1] The Petition alleges that she was diagnosed with asbestos-related lung cancer as a result of exposure to asbestos from her husband's work at Avondale in the 1970s, among other sources.[2] Plaintiff further alleges that while employed at Avondale, her husband "used, handled, and/or was in the vicinity of others using and/or handling asbestos and/or asbestos-containing products," and that Plaintiff was exposed through her interactions with her husband, his vehicle, and his clothing which she subsequently laundered.[3] Although the Petition for Damages makes broad allegations of exposure to asbestos attributable to Avondale, it does not link Plaintiff's alleged exposures to any vessels that Avondale built, refurbished, or repaired for the U.S. government.

3.

On November 11, 2020, Plaintiff was deposed, but she could not identify any vessels that her husband worked on during his employment with Avondale.

---

[1] Exhibit A, Petition for Damages.
[2] *Id*. at ¶ 3, 12-13.
[3] *Id*. at ¶¶ 12-13.

4.

On February 22, 2021, Plaintiff's husband, Lionel Adams, was deposed and testified that he worked at Avondale as a pipefitter/welder on Destroyer Escorts, Coast Guard Cutters, and LASH vessels.[4] He further testified that while working as a pipefitter/welder on these vessels, he used asbestos-containing fire blankets and worked around insulators cutting asbestos-containing insulation to fit around pipes.[5] This work created dust that got on his clothes, which he wore home from work and his wife would shake out before laundering.[6]

5.

Mr. Lionel Adams's February 22, 2021 deposition testimony demonstrates that Plaintiff's alleged exposures from her husband's work at Avondale relate to asbestos-containing materials being installed aboard Destroyer Escorts, Coast Guard Cutters, and LASH vessels (the "Federal Vessels"). The Destroyer Escorts and Coast Guard Cutters were built by Avondale pursuant to contracts with the U.S. Navy and U.S. Coast Guard. The LASH vessels were built by Avondale pursuant to contracts with the U.S. Maritime Administration ("MARAD"). Plaintiff, therefore, is claiming that she was injured due to asbestos-containing products used during the construction of ships pursuant to contracts with the federal government.

6.

This removal is being filed within thirty days of receipt of transcript of the deposition testimony of Mr. Lionel Adams on March 8, 2021 and is, therefore, timely under 28 U.S.C. § 1446.[7]

---

[4] Exhibit B, Deposition of Lionel Adams at pp. 14-15, 41, 72.
[5] *Id*. at pp. 17-18, 33-34.
[6] Id. at pp. 26-27, 43.
[7] Exhibit C, Email Transmittal of the Transcript of Lionel Adams's Deposition Testimony.

7.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

8.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1).  *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

9.

Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when they built the Destroyer Escorts and Coast Guard Cutters for the U.S. Navy and U.S. Coast Guard because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform—namely, to build ships "used to help conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy).

10.

Avondale was also acting under a federal officer within the meaning of § 1442(a)(1) when it built LASH cargo ships pursuant to contracts with MARAD because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the

government otherwise would itself have had to perform—to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the U.S. Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

11.

If Plaintiff was exposed to asbestos from work done by her husband, Mr. Lionel Adams, undertaken in conjunction with the construction of the Federal Vessels, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

12.

Plaintiff's claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

13.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Navy, U.S. Coast Guard, and MARAD.

14.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the

Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

15.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD.

16.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessel. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of the contract.

17.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

18.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the delivery of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

19.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Occupational Safety and Health Act, the Walsh-Healey Public Contracts Act, and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during Federal Vessel construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

20.

Avondale raises two colorable federal defenses to one or more of Plaintiff's claims in this action. First, one or more of Plaintiff(s)'s claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence claims relate to the acts performed under color of federal office.

21.

The reasonably precise design specifications established by the U.S. Navy, U.S. Coast Guard, and MARAD mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels confirmed to the specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

22.

Second, Plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here rendering Avondale immune from suit because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

23.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

24.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

25.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" it in the State Case.  28 U.S.C. §§ 1446(a), (d).  In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, Avondale hereby gives notice that the proceeding bearing No. 2020-4908 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART & MOORE LLC**

*/s/ David M. Melancon*
GUS A. FRITCHIE (#5751)
TIMOTHY F. DANIELS (#16878)
DAVID M. MELANCON (#23216)
EDWARD W. TRAPOLIN (#27667)
M. SCOTT MINYARD (#31879)
KEVIN POWELL (#25324)
DAPHNE M. LANCASTER (#34630)
ALEXANDER SAUNDERS (#28735)
ALISON A. SPINDLER (#34103)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
T: (504) 310-2100
F: (504) 310-2101
***Counsel for Huntington Ingalls Incorporated***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 5th day of April, 2021

*/s/ David M. Melancon*