## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORA JEAN ADAMS,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-694** |
| **EAGLE, INC. ET AL.,**<br>        **Defendants** | **SECTION "E" (4)** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Union Carbide Corporation ("Defendant" or "Defendant-in-Crossclaim") against Ora Jean Adams ("Plaintiff") and Huntington Ingalls, Inc ("Avondale").[1] The motion was filed on July 19, 2022,[2] and set for submission on August 3, 2022.[3] Local Rule 7.5 requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, meaning the deadline to file an opposition in this instance was July 26, 2022.[4] As of the date of this Order and Reasons, no opposition to the motion for summary judgment has been filed, and neither Plaintiff nor Avondale—both of whom are represented by counsel—has moved for an extension of time to file an opposition brief.[5] Defendant's motion for summary judgment is, therefore, unopposed.

### BACKGROUND

This personal injury suit is based on Plaintiff's alleged exposure to asbestos.[6]

---

[1] R. Doc. 116.

[2] *Id.*

[3] R. Doc. 116-2.

[4] *Id.*

[5] The Court emailed all counsel on August 8, 2022, asking if any party intended to oppose Defendant's motion for summary judgment. Counsel for Avondale responded, indicating Avondale "do[es] not intend to oppose Union Carbide's MSJ." Plaintiff's counsel, on the other hand, did not respond to the Court's email, which the Court interprets as confirmation that it does not oppose.

[6] R. Doc. 1-2 at p. 2, ¶ 3.

Plaintiff's state court petition alleges two sources of exposure to asbestos. First, Plaintiff contends her husband, Lionel Adams ("Mr. Adams"), was exposed to "dangerously high levels of asbestos fibers" at Avondale's New Orleans area shipyards from approximately 1972 to 1979.[7] Mr. Adams worked at Avondale as a pipefitter and welder on Destroyer Escorts, Coast Guard Cutters, and LASH vessels.[8] Through his work, Mr. Adams used asbestos-containing fire blankets and worked around insulators cutting asbestos-containing insulation to fit around pipes.[9] This work created dust that got on his clothes, which Mr. Adams wore from work to his home, where Plaintiff would shake out his clothes before laundering them.[10] Second, from 1970 to 1972, Plaintiff worked as a laborer and janitor at Charity Hospital where she was exposed to asbestos.[11] According to Plaintiff, these two sources of exposure—Avondale and Charity Hospital—caused her ultimate diagnosis of asbestos-related lung cancer on May 19, 2019.[12]

Accordingly, on June 17, 2020, Plaintiff filed a petition for damages in Civil District Court, Parish of Orleans, State of Louisiana, against several Defendants, including Union Carbide and Avondale.[13] Plaintiff brings a negligence claim and strict liability claim against Defendant as a supplier/manufacturer of asbestos products.[14] Plaintiff also brings negligence claims against Avondale, alleging Avondale is liable for Plaintiff's injuries for failing to provide Plaintiff's husband "a safe place to work free from the dangers of respirable asbestos-containing dust."[15]

---

[7] *Id.* at ¶¶ 4, 12.
[8] R. Doc. 1 at p. 3.
[9] *Id.*
[10] *Id.*
[11] R. Doc. 1-1 at p. 3, ¶ 12.
[12] *Id.* at p. 2, ¶ 3.
[13] *See id.* at pp. 1-2.
[14] R. Doc. 116-3 at p. 1, ¶ 2.
[15] R. Doc. 1-1 at p. 9, ¶ 35.

Avondale removed Plaintiff's suit to federal court on April 5, 2021.[16] In its Notice of Removal, Avondale asserts this Court has subject matter jurisdiction because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1).[17] Removal under 28 U.S.C. § 1442 does not require the consent of any defendant.[18]

On August 11, 2020, Avondale filed its answer with incorporated affirmative defenses, third-party claims, and crossclaims.[19] Relevant to the instant motion,[20] Avondale brought a crossclaim against Defendant Union Carbide as an alleged supplier, manufacturer, and/or seller of asbestos product. Avondale seeks to recover virile share contributions from Defendant Union Carbide should Avondale be cast in judgment because Avondale alleges Plaintiff was exposed, if at all, to asbestos attributable to, among other sources, Union Carbide, which caused Plaintiff's injury.

On July 19, 2022, Defendant Union Carbide filed a motion for summary judgment.[21] Defendant seeks summary judgment "on the grounds that there is no legal basis for liability between Union Carbide and Plaintiff, Ora Jean Adams, or Plaintiff-in-Crossclaim, [Avondale]."[22] The motion is unopposed.

## **MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[16] R. Doc. 1.
[17] *Id.* at p. 1.
[18] *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014).
[19] R. Doc. 4-1 (beginning on p. 33).
[20] R. Doc. 116.
[21] R. Doc. 29.
[22] R. Doc. 116 at p. 1.

of law."[23] "An issue is material if its resolution could affect the outcome of the action."[24] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[25] All reasonable inferences are drawn in favor of the non-moving party.[26] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[27] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[28]

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[29]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[30]  To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential

---

[23] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[24] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[25] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[26] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[27] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[28] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[29] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).
[30] *Celotex*, 477 U.S. at 323.

element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[31] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[32]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[33] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[34] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[35] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose

---

[31] *Id.* at 331.

[32] *Id.* at 322–24.

[33] *Id.* at 331–32 (Brennan, J., dissenting).

[34] *See id.* at 332.

[35] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[36] Summary judgment is not automatic merely because the motion is unopposed—the Court must determine whether the moving party has shown they are entitled to judgment as a matter of law.[37]

## UNDISPUTED FACTS

Because the instant motion is unopposed, the Court considers Defendant's statement of uncontested facts[38] to be admitted pursuant to Local Rule 56.2. The instant lawsuit was filed on June 17, 2020, in Orleans Parish Civil District Court and was subsequently removed to federal court.[39] Defendant was sued as a supplier/manufacturer of asbestos products.[40] Defendant did not manufacture any asbestos-containing products.[41] Instead, Defendant supplied raw asbestos to several companies during certain limited periods of time, who manufactured finished products; some of which contained asbestos as different dates and times, and some of which were asbestos-free.[42]

During Plaintiff's deposition on November 11, 2020, she did not identify any products that may have contained Union Carbide asbestos to which she may have been exposed.[43] Similarly, during Mr. Adams' deposition on February 22, 2022, he did not identify any products that may have contained Union Carbide asbestos to which he (or Plaintiff) may have been exposed.[44] Neither Plaintiff nor Avondale have provided any

---

[36] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[37] *See, e.g.*, Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[38] R. Doc. 116-3.
[39] R. Doc. 116-3 at p. 1, ¶ 1.
[40] *Id.* at ¶ 2.
[41] *Id.* at ¶ 3.
[42] *Id.* at ¶ 4.
[43] *Id.* at ¶¶ 5, 6.
[44] *Id.* at ¶¶ 7, 8.

evidence that Plaintiff encountered any Union Carbide asbestos at any time.[45] Moreover, neither Plaintiff nor Avondale have presented medical causation evidence that any Union Carbide-related exposures were a substantial cause in the development of Plaintiff's alleged asbestos-related cancer.[46]

## **LAW AND ANALYSIS**

Defendant's instant motion casts into doubt Plaintiff's and Avondale's ability to prove the existence of the cause-in-fact element of a negligence and strict liability claim against Defendant.[47] To prevail on the cause-in-fact element in an asbestos case like this one, when multiple causes of exposure are alleged, it must be proven[48] that Plaintiff (1) had significant exposure to asbestos attributable to Defendant and (2) received an injury that was "substantially caused" by that exposure.[49] The former requirement mandates a plaintiff to identify a particular asbestos containing product and prove that she was exposed to that product.[50] The latter requirement is referred to as a "substantial factor" test by Louisiana courts,[51] and involves a showing of both general and specific causation. "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[52]

Because of the lengthy latency period between exposure to asbestos and

---

[45] *Id.* at ¶ 9.
[46] *Id.* at ¶ 10.
[47] R. Doc. 116-1 at p. 8.
[48] The evidence can be either direct or circumstantial. *Rando v. Anco Insulations, Inc.*, 16 So.3d 1065, 1089 (La. 2009).
[49] *Id.* at 1088.
[50] *Id.*
[51] *Id.* (explaining that, when multiple cause of injury are present, a defendant's conduct is a cause-in-fact if it is a substantial factor generating plaintiff's harm).
[52] *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009) (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)).

7

manifestation of the disease, the cause-in-fact element is noted as the "premier hurdle" faced by plaintiffs in asbestos litigation.[53] Notwithstanding the difficulty of proof involved, Plaintiff's burden of proof against Defendant is not relaxed or reduced because of difficulty that might ensue in proving the contribution of Defendant's product to Plaintiff's injury.[54] The same is true of Avondale's burden to prevail on its crossclaim against Defendant.[55]

The instant motion for summary judgment posits two reasons for its conclusion that Plaintiff is unable to establish the cause-in-fact element of her claims for negligence and strict liability. First, Defendant argues there is no evidence of a particular asbestos-containing product attributable to Union Carbide to which Plaintiff was exposed, much less a showing of significant exposure.[56] Second, Defendant argues Plaintiff has failed to establish any specific causation as to Union Carbide, meaning Plaintiff cannot show Plaintiff's injury was "substantially caused" by her alleged exposure to Union Carbide asbestos.[57] To further buttress its motion, Defendant correctly points out that Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[58]

In terms of the first line of attack, at trial, Plaintiff will have the burden of proving she was "significantly" exposed to a product containing Union Carbide asbestos.[59] This is

---

[53] *Rando,* 16 So.3d at 1088.
[54] *Id.* at 1091.
[55] *Id.*
[56] R. Doc. 116-1 at p. 3.
[57] *Id.* at p. 9.
[58] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[59] *Rando,* 16 So.3d at 1088.

a question of fact.[60] Fatally, it is an undisputed fact that there is no evidence establishing Plaintiff encountered any Union Carbide asbestos at any time—much less that Plaintiff had any significant exposure.[61] This is an essential element of Plaintiff's claim against Defendant Union Carbide.

Moreover, at trial, Plaintiff will have the burden of proving exposure to Union Carbide asbestos substantially caused her cancer diagnosis.[62] Like the exposure prong of the cause-in-fact element, the "substantial causation" prong is a question of fact, too.[63] Assuming *arguendo* Plaintiff could prove the exposure prong of the cause-in-fact element, it is an undisputed fact that there is no evidence of any Union Carbide-related exposure being a substantial cause in the development of Plaintiff's diagnosis.[64] This is an essential element of Plaintiff's claim against Defendant Union Carbide. Accordingly, because it is undisputed that there is no evidence to establish the cause-in-fact element, Union Carbide is entitled to summary judgment on the claims of negligence and strict liability brought against it by Plaintiff.

Likewise, Union Carbide is not answerable for any virile share contributions should Avondale be "cast in judgment" because it is undisputed that there is no evidence— either proffered by Plaintiff or Avondale—that Plaintiff was exposed to any asbestos attributable to Union Carbide.[65] The success of Avondale's crossclaim is predicated on this Court finding Plaintiff was significantly exposed to asbestos attributable to Union Carbide, and that this exposure substantially caused her injuries. Because the Court has

---

[60] *Id.* at 1087.
[61] R. Doc. 116-3.
[62] *Rando,* 16 So.3d at 1088.
[63] *Id.* at 1087.
[64] R. Doc. 116-3. Moreover, as Defendant points out in its memorandum in support of summary judgment, Plaintiff's and Avondale's medical and causation experts did not opine that Plaintiff's illness was caused by exposure to asbestos attributable to Union Carbide. R. Doc. 116-1 at p. 6.
[65] R. Doc. 116-3.

found there is no evidence of either prong of the cause-in-fact element of asbestos claims under Louisiana law, Defendant is entitled to summary judgment on the crossclaim brought against it by Avondale.

<u>**CONCLUSION**</u>

**IT IS ORDERED** that Defendant's motion for summary judgment[66] is **GRANTED.**

**New Orleans, Louisiana, this 12th day of August, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[66] R. Doc. 116.