UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORA JEAN ADAMS,**<br>     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-694** |
| **EAGLE, INC. ET AL.,**<br>     Defendants | **SECTION "E" (4)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine to exclude factual testimony by Danny Joyce.[1] Defendant Huntington Ingalls Incorporated ("Avondale") filed an opposition.[2] The Court held oral argument on Plaintiff's Motion on August 18, 2022.[3] For the reasons that follow, the motion is **GRANTED**.[4]

The facts of this case have been laid out in detail in this Court's August 12, 2022, Order and Reasons, and this Court need not repeat them here.[5] On July 19, 2022, Plaintiff filed the instant Motion in Limine.[6] Plaintiff seeks to exclude factual testimony by Danny Joyce when such testimony is not based on his personal knowledge.[7] Plaintiff contends Mr. Joyce's testimony "will attempt to tell the jury that Avondale was well beneath the safe exposure limits for asbestos by mentioning conversations from the 1980s he allegedly had with Walsh-Healey inspectors regarding the inspectors work which allegedly occurred at Avondale many years prior to Mr. Adam's employment with Avondale."[8]

---

[1] R. Doc. 113.
[2] R. Doc. 128.
[3] R. Doc. 185.
[4] Plaintiff's allegations regarding Danny Joyce as an expert witness are moot. Defendant stated specifically in oral argument that Defendant was calling Danny Joyce as a corporate representative, rather than an expert witness. *Id.*
[5] R. Doc. 172.
[6] R. Doc. 113.
[7] *Id.*
[8] R. Doc. 113-1 at p. 2.

1

Plaintiff requests Mr. Joyce be prohibited from testifying to facts that occurred prior to 1980, the year he began his employment at Avondale.[9]

"Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial."[10] However, Rule 30(b)(6) is inapplicable to the testimony of a corporate representative at trial, and such testimony is instead governed by the Federal Rules of Evidence.[11]

"Federal Rule of Evidence 602 limits the scope of a witness's testimony to matters that are within his or her personal knowledge."[12] "Evidence to prove personal knowledge may consist of the witness's own testimony."[13] Rule 602 "requires a submitting party to lay a proper foundation that witnesses have personal knowledge of the matter about which they will testify."[14] "[A] corporate representative may not testify to matters outside his own personal knowledge 'to the extent that information is hearsay not falling within one of the authorized exceptions.'"[15]

The United States Court of Appeals for the Fifth Circuit addressed this very issue in *Union Pump Co. v. Centrifugal Technology Inc.*[16] In that case, the court held the district court erred in allowing a fact witness to testify to matters outside his personal knowledge on the basis that the witness was testifying as a corporate representative at trial.[17] The party proffering the evidence argued the witness was allowed to testify to

---

[9] *Id.* at p. 7.
[10] *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907 (5th Cir. 2010).
[11] *See id.*
[12] *Id.*
[13] *Chevron TCI Inc. v. Capitol House Hotel Manager, LLC, et al.*, 541 F. Supp. 3d 687, 692 (M.D. La. 2021).
[14] *Id.*
[15] *Union Pump Co.*, 404 F. App'x at 907-08 (internal citations omitted).
[16] *Id.*
[17] *Id.*

"matters that, although they were not within his own personal knowledge, were within the knowledge of the corporation."[18] The Fifth Circuit disagreed and clarified that, while Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, a corporate representative may not testify beyond the scope of his personal knowledge at trial and is not exempt from the general rules of hearsay.[19] This Court finds *Union Pump Co.* applicable to the instant motion. Accordingly, Mr. Joyce's testimony at trial is subject to the hearsay rule.

Plaintiff argues "testimony from Mr. Joyce about the conversations he had with the Walsh-Healey inspectors about inspections at Avondale would be hearsay," because that testimony would be based on out of court statements made by the inspectors, offered for the truth of the matter asserted.[20] Mr. Joyce's status as a corporate representative does not exempt his testimony from the rules excluding hearsay. This Court finds Mr. Joyce's testimony as to what was told to him by Walsh-Healey inspectors constitutes hearsay under the Federal Rules of Evidence. Federal Rule of Evidence 801 defines hearsay as an out of court statement introduced to prove the truth of the matter asserted.[21] Through Mr. Joyce's testimony, Defendant seeks to introduce statements by Walsh-Healey inspectors related to asbestos testing conducted prior to Mr. Joyce's employment.[22] These statements are hearsay, because they are out of court statements made by the Walsh-Healey inspectors and would be introduced by Defendant to prove the truth of the matter asserted, i.e., that the air at Avondale's facilities was tested and found to be well below safe exposure limits for asbestos in the 1960s.

---

[18] *Id.* at 807.
[19] *Id.*
[20] R. Doc. 128 at p. 5.
[21] Fed. R. Evid. 801.
[22] R. Doc. 113-1 at p. 7.

Rule 802 provides that hearsay statements generally are not admissible, but there, as Defendant argues, are exceptions to this general rule.[23] One such exception is the residual hearsay exception. "[T]he residual hearsay exception 'is to be used only rarely, in truly exceptional cases,' and . . . the 'lodestar' of the exception is whether a hearsay statement has 'equivalent circumstantial guarantees of trustworthiness' relative to other hearsay exceptions."[24] "[T]he determination of trustworthiness is drawn from the totality of the circumstances surrounding the making of the statement."[25] "The party objecting to the admissibility of evidence bears the burden of showing that the evidence is inadmissible."[26] However, "[t]he proponent of the [hearsay] statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force."[27]

During oral argument, Defendant argued the application of the residual hearsay exception.[28] This Court finds the residual hearsay exception is inapplicable. In this case, Mr. Joyce apparently is prepared to testify that in 1980, Walsh-Healey inspectors told him that they did air quality tests for asbestos at Avondale around 1968 or 1969.[29] The statements allegedly made by the inspectors to Mr. Joyce were not made contemporaneously with the testing itself. In fact, the statements were made over a decade later. Mr. Joyce's testimony is wholly uncorroborated. No other party has located, deposed, or elicited testimony from these Walsh-Healey inspectors.[30] The circumstances of the statements proffered by Mr. Joyce involve no exceptional circumstances that suggest trustworthiness.

---

[23] Fed. R. Evid. 802.
[24] *United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018).
[25] *Id.* at 120-21.
[26] *Chevron TCI Inc.*, 541 F. Supp. At 692.
[27] *Hicks*, 466 F. Supp. 2d at 808.
[28] R. Doc. 185.
[29] R. Doc. 113-13 at p. 57.
[30] R. Doc. 113-1 at p. 4.

Considering the totality of the circumstances surrounding the making of the statements, Mr. Joyce's testimony as to his previous conservations with Walsh-Healey inspectors lacks the equivalent guarantees of trustworthiness relative to other hearsay exceptions. Accordingly, Plaintiff has carried her burden of demonstrating the inadmissibility of Defendant's testimony.

**IT IS ORDERED** that Plaintiff's Motion in Limine[31] is **GRANTED.**

**New Orleans, Louisiana, this 30th day of August, 2022.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. 113.