UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ORA JEAN ADAMS,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 21-694 |
| EAGLE, INC. ET AL.,<br>    Defendants | SECTION "E" (4) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Third-Party Defendant ViacomCBS Inc. ("Westinghouse") against Third-Party Plaintiff Huntington Ingalls, Inc. ("Avondale").[1] The motion was filed on July 19, 2022,[2] and set for submission on August 3, 2022.[3] Avondale opposes the motion.[4] On August 2, 2022, Westinghouse filed a reply.[5] On August 9, 2022, the Court ordered Avondale to file a revised memorandum in opposition pursuant to Rule 56(e)(1).[6] On August 12, 2022, Avondale timely filed a revised memorandum in opposition.[7] On August 29, 2022, the Court ordered Avondale to revise its response to Westinghouse's statement of uncontested facts.[8] Avondale filed a revised response on August 30, 2022.[9]

## BACKGROUND

This personal injury suit is based on Plaintiff's alleged exposure to asbestos.[10] Plaintiff's state court petition alleges two sources of exposure to asbestos. First, Plaintiff

---

[1] R. Doc. 118.
[2] *Id.*
[3] *Id.*
[4] R. Doc. 132.
[5] R. Doc. 146.
[6] R. Doc. 166.
[7] R. Doc. 175.
[8] R. Doc. 193.
[9] R. Doc. 195.
[10] R. Doc. 1-2 at p. 2, ¶ 3.

1

contends her husband, Lionel Adams ("Mr. Adams"), was exposed to "dangerously high levels of asbestos fibers" at Avondale's New Orleans area shipyards from approximately 1972 to 1979.[11] Mr. Adams worked at Avondale as a pipefitter and welder on Destroyer Escorts, United States Coast Guard ("U.S. C.G.") Cutters, and LASH vessels.[12] Through his work, Mr. Adams used asbestos-containing fire blankets and worked around insulators cutting asbestos-containing insulation to fit around pipes.[13] This work created dust that got on his clothes, which Mr. Adams wore from work to his home, where Plaintiff would shake out his clothes before laundering them.[14] Second, from 1970 to 1972, Plaintiff worked as a laborer and janitor at Charity Hospital where she was exposed to asbestos.[15] According to Plaintiff, these two sources of exposure—Avondale and Charity Hospital—caused her ultimate diagnosis of asbestos-related lung cancer on May 19, 2019.[16]

Accordingly, on June 17, 2020, Plaintiff filed a petition for damages in Civil District Court, Parish of Orleans, State of Louisiana, against several Defendants, including Avondale.[17] Plaintiff brings negligence claims against Avondale, alleging Avondale is liable for Plaintiff's injuries for failing to provide Mr. Adams "a safe place to work free from the dangers of respirable asbestos-containing dust" and for failure to warn of the dangers of asbestos.[18] Avondale removed Plaintiff's suit to federal court on April 5, 2021.[19] In its Notice of Removal, Avondale asserts this Court has subject matter jurisdiction because Avondale was, at all material times, acting under an officer of the United States

---

[11] *Id.* at ¶¶ 4, 12.
[12] R. Doc. 1 at p. 3.
[13] *Id.*
[14] *Id.*
[15] R. Doc. 1-1 at p. 3, ¶ 12.
[16] *Id.* at p. 2, ¶ 3.
[17] *See id.* at pp. 1-2.
[18] R. Doc. 1-1 at p. 9, ¶ 35.
[19] R. Doc. 1.

as set forth in 28 U.S.C. § 1442(a)(1).[20] Removal under 28 U.S.C. § 1442 does not require the consent of any defendant.[21]

On August 11, 2020, Avondale filed its answer with incorporated affirmative defenses, third-party claims, and crossclaims.[22] Relevant to the instant motion,[23] Avondale brought a third-party complaint against Westinghouse as an alleged manufacturer of the asbestos-containing Fire Retardant Decorative Micarta ("Micarta").[24] Avondale seeks to recover a virile share contribution from Westinghouse should Avondale be cast in judgment because Avondale alleges Plaintiff was exposed, if at all, to asbestos attributable to, among other sources, Westinghouse, which caused Plaintiff's injury.[25]

On July 19, 2022, Westinghouse filed a motion for summary judgment.[26] Westinghouse seeks summary judgment on the grounds that Avondale "has no evidence that Plaintiff, Ora Jean Adams, was exposed to asbestos from any products or equipment manufactured, sold, or supplied by Westinghouse."[27]

## **MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] "An issue is material if its resolution could affect the outcome of the action."[29] When assessing whether a material factual dispute exists, the Court considers "all of the

---

[20] *Id.* at p. 1.
[21] *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014).
[22] R. Doc. 4-1 (beginning on p. 33).
[23] R. Doc. 118.
[24] R. Doc. 4-1 at p. 42.
[25] *Id.*
[26] R. Doc. 118.
[27] *Id.* at p. 1.
[28] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[29] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

3

evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[30] All reasonable inferences are drawn in favor of the non-moving party.[31] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[32] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[33] "

Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[34]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[35] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[36] If the moving party fails to carry this burden, the

---

[30] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[31] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[32] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[33] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[34] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).
[35] *Celotex*, 477 U.S. at 323.
[36] *Id.* at 331.

motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[37]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[38] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[39] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[40] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[41] Summary judgment is not automatic merely

---

[37] *Id.* at 322-24.
[38] *Id.* at 331-32 (Brennan, J., dissenting).
[39] *See id.* at 332.
[40] *Id.* at 332-33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332-33, 333 n.3.
[41] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

because the motion is unopposed—the Court must determine whether the moving party has shown they are entitled to judgment as a matter of law.[42]

## DISPUTED FACTS

Westinghouse includes only the following in its statement of uncontested material facts: "[t]here is no evidence Ora Jean Adams was exposed to asbestos attributable to Westinghouse."[43] Avondale argues Westinghouse's motion for summary judgment should be denied because there are disputed issues of material fact.[44] First, Avondale denies Westinghouse's assertion.[45] Second, Avondale alleges seven additional contested facts: whether Westinghouse developed and manufactured asbestos-containing Micarta for use aboard marine vessels until 1974;[46] whether Hopeman Brothers, Inc. ("Hopeman") then cut and installed wallboards covered with Micarta on Avondale vessels, generating dust;[47] whether Plaintiff Ora Jean Adams sustained household exposure to asbestos dust as a result of her husband's work in proximity to Hopeman employees at Avondale;[48] and finally, whether Plaintiff Ora Jean Adams' exposure to Micarta was a substantial factor in her development of lung cancer.[49]

## LAW AND ANALYSIS

Westinghouse's instant motion calls into doubt Avondale's ability to prove the existence of the cause-in-fact element of a negligence and strict liability claim against Westinghouse.[50] To prevail on the cause-in-fact element in an asbestos case like this one,

---

[42] *See, e.g.*, *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[43] R. Doc. 118-7 at p. 1.
[44] R. Doc. 195 at p. 1.
[45] *Id.*
[46] *Id.* at p. 2, ¶¶ 1, 2.
[47] *Id.* at p. 2, ¶¶ 3, 4.
[48] *Id.* at p. 2, ¶¶ 5, 6.
[49] *Id.* at p. 2, ¶ 7.
[50] R. Doc. 118-1 at p. 5.

6

when multiple causes of exposure are alleged, it must be proven[51] that the plaintiff (1) had significant exposure to asbestos attributable to the defendant and (2) received an injury that was "substantially caused" by that exposure.[52] The former requirement mandates a plaintiff to identify a particular asbestos containing product and prove that she was exposed to that product.[53] The latter requirement is referred to as a "substantial factor" test by Louisiana courts,[54] and involves a showing of both general and specific causation. "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[55]

Because of the lengthy latency period between exposure to asbestos and manifestation of the disease, the cause-in-fact element is noted as the "premier hurdle" faced by plaintiffs in asbestos litigation.[56] Notwithstanding the difficulty of proof involved, Avondale's burden of proof against Westinghouse is not relaxed or reduced because of difficulty that might ensue in proving the contribution of Westinghouse's product to Plaintiff Adams' injury.[57]

The Fifth Circuit has explained "even if the plaintiff was only exposed to asbestos for a 'short period for an employer, and he had longer exposure working for others, it cannot be said the relatively short asbestos exposure was not a substantial factor in

---

[51] The evidence can be either direct or circumstantial. *Rando v. Anco Insulations, Inc.*, 16 So.3d 1065, 1089 (La. 2009).
[52] *Id.* at 1088.
[53] *Id.*
[54] *Id.* (explaining that, when multiple cause of injury are present, a defendant's conduct is a cause-in-fact if it is a substantial factor generating plaintiff's harm).
[55] *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009) (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)).
[56] *Rando,* 16 So.3d at 1088.
[57] *Id.* at 1091.

causing his mesothelioma.'"[58] "To defeat an asbestos defendant's motion for summary judgment, a plaintiff 'need only show that a reasonable jury could conclude that it is more likely than not that plaintiff inhaled defendant's asbestos fibers, even if there were only "slight exposures."'"[59]

Westinghouse has the initial burden of proof on summary judgment and has failed to demonstrate there is no genuine issue of material fact. Indeed, the Court finds there is a genuine issue of material fact as to whether Mr. Adams was exposed to asbestos-containing Westinghouse products at Avondale and whether the Westinghouse products were a substantial cause of Plaintiff Adams' injury. These are the elements of cause-in-fact essential to an asbestos exposure case.

Turning to the first element, Avondale points to the testimony of Mr. Adams and Charles N. Johnson to link Westinghouse to Plaintiff Adams' alleged exposures. Avondale first cites to Mr. Adams' February 22, 2021, deposition testimony that, while at Avondale, he frequently worked alongside Hopeman employees installing bulkhead panels.[60] While Mr. Adams could not recall whether he worked alongside Hopeman employees on U.S. C.G. Cutters specifically, he testified he "worked alongside Hopeman employees on ships under construction at Avondale."[61]

As evidence of exposure aboard the U.S. C.G. Cutters, Avondale points to the deposition testimony of Charles N. Johnson, Hopeman's corporate representative, in which Mr. Johnson testified that Micarta was cut and used without ventilation aboard the

---

[58] *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2022 WL 2714111, at *12 (E.D. La. July 13, 2022) (quoting *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022)).
[59] *Id.* (quoting *Held v. Avondale Indus., Inc.*, 672 So. 2d 1106, 1109 (La. App. 1996)).
[60] R. Doc. 195 at p. 1.
[61] R. Doc. 175-3 at pp. 72-73.

U.S. C.G. Cutters at Avondale.[62] In its reply, Westinghouse argues Mr. Johnson did not distinguish between asbestos-containing and asbestos-free Micarta in his deposition, and therefore Avondale has not established the presence of asbestos-containing Micarta aboard the vessels.[63] While it may be true that Mr. Johnson's testimony does not *establish* this fact, Avondale need only raise a genuine issue of disputed material fact to defeat Westinghouse's summary judgment. Moreover, the Court must refrain from assessing the credibility of the evidence when assessing whether a material factual dispute exists, as the consideration of credibility is reserved for the jury.

Turning to the second element, Avondale points to the deposition testimony of expert witness Brent Staggs, M.D.[64] After considering the totality of the evidence and his expertise, and assuming the existence of asbestos was proven, Mr. Staggs concluded "any paraoccupational exposure to asbestos suffered by [Plaintiff] Adams as a consequence of [Mr. Adams] working around the wallboards would . . . be a substantial contributing cause of her development of lung cancer."[65] In this case, the expert testimony Avondale cites is sufficient evidence to create a genuine issue of material fact as to whether Westinghouse Micarta was a substantial cause of Plaintiff Adams' injury.

As to both elements, this holding is consistent with a recent decision made by another section of this Court. In *Cortez v. Lamorak Insurance Co.*, Westinghouse sought summary judgment, alleging "plaintiffs have not produced adequate evidence to create a material factual dispute over whether decedent was exposed to Westinghouse's [Micarta] . . . or whether the [Micarta] was a 'substantial factor' in bringing about his

---

[62] R. Doc. 175-10 at p. 155.
[63] R. Doc. 146 at p. 3.
[64] R. Doc. 195 at p. 2, ¶ 7.
[65] R. Doc. 175-17 at pp. 50-51.

mesothelioma.'"[66] As to the exposure element, the plaintiffs introduced testimony of a plaintiff discussing working alongside Hopeman employees who were installing bulkhead panels.[67] The plaintiffs further relied on the testimony of a Hopeman representative who testified that Hopeman used Micarta as a component in the wallboards it installed on vessels.[68] In addressing the second element, the plaintiffs relied on, inter alia, expert testimony in which a medical expert testified the exposure was a significant contributing factor.[69] On the basis of this evidence, the court held there were genuine issues of material fact as to whether the plaintiff was exposed to Westinghouse Micarta at a shipyard where he was previously employed and whether the exposure was a substantial factor in the plaintiffs' injuries.[70] The court denied summary judgment, noting that disputes of fact are considerations for the jury.[71] Avondale has presented equally compelling evidence in the instant motion to show there are genuine issues of material facts as to both elements.

Accordingly, the Court denies summary judgment on the issues of whether Plaintiff Ora Jean Adams was exposed to asbestos-containing Micarta and whether the exposure was a substantial factor in Plaintiff Adams' injury.

## CONCLUSION

**IT IS ORDERED** that Defendant's motion for summary judgment[72] is **DENIED.**

**New Orleans, Louisiana, this 6th day of September, 2022.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[66] *Cortez*, No. 20-2389, 2022 WL 2714111, at *4.
[67] *Id.* at *8.
[68] *Id.* at *9.
[69] *Id.* at *13.
[70] *Id.* at *10.
[71] *Id.* at *10, *15.
[72] R. Doc. 118.